IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| MARY MCKENZIE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 23-cv-3252 |
| | ) |
| HILLSBORO POLICE DEP'T, | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

**SUE E. MYERSCOUGH, U.S. District Judge.**

Plaintiff Mary McKenzie alleges a conspiracy between the named Defendants, an Illinois state court, and several other parties to deprive her of her Fourth Amendment rights and her family of its interest in a piece of real property. In August, this Court dismissed Ms. McKenzie's first Complaint for lack of subject-matter jurisdiction. Ord., d/e 2. Ms. McKenzie then timely filed an amended Complaint. See Am. Compl., d/e 4.

This matter now comes before the Court on two motions to dismiss. Defendants James L. Roberts and Douglas L. Jarman, both of whom are sitting judges of the Fourth Judicial Circuit Court

of Illinois, filed the first.  Defs.' Mot. to Dismiss, d/e 15. Defendants Melba German, James Miller, Rob Williams, and Security National Bank filed the second.  Defs.' Mot. to Dismiss, d/e 19.  Because the Court still lacks subject-matter jurisdiction over Ms. McKenzie's claims, both motions are GRANTED.

On August 10, 2023, this Court dismissed Plaintiff Mary McKenzie's pro se Complaint without prejudice for lack of jurisdiction.  Order, d/e 2.  The Court allowed Ms. McKenzie to amend her Complaint, provided she did so "in a clear, concise, and comprehensible form and summarize[d] the factual and jurisdictional basis for said claims." Id. at 4.  The Court also cautioned Ms. McKenzie that if her amended Complaint was "incomprehensible or frivolous," the Court would "dismiss this action with prejudice." Id.

On August 18, Ms. McKenzie wrote the Court regarding her original Complaint.  See Pl.'s Letter, d/e 3.  Ms. McKenzie advised the Court that her Complaint "was not intended to land directly in court, but before a prosecutor," and that a "redacted copy of the complaint can be resubmitted minus the letter to Mr. Daniel Robbins as the Clerk in the Montgomery County Court." Id. at 1–2.

Ms. McKenzie then submitted a filing entitled "Request from the Federal Court for Relief Through the Recovery of Realestae [sic] and for Damages from Fraud due to the Illegal Siesure [sic] of Unincumbered Property by Security National Bank & Multiple Police Actions, in Violation of the 4th Amendment to the Constitution of the United States thus, Preventing the Plaintiff from Securing their Houses & Endangering the Person of Mary McKenzie," which the Court construed as an amended Complaint. See Am. Compl., d/e 4.

The amended Complaint is "transparently defective." See Hoskins v. Poelstra, 320 F.3d 761, 763 (7th Cir. 2003). The fact remains that Ms. McKenzie seeks to attack a judgment of the Fourth Judicial Circuit. This Court cannot disturb that court's judgment, for a federal district court "has no authority to review final judgments of a state court in judicial proceedings." See Order, d/e 2, at 3 (quoting D.C. Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983)). With no conceivable basis for jurisdiction, any further amendments would be futile.

Moreover, Ms. McKenzie's letter states that "the complaint ended up in [the Court's] hands" because "the prosecutor's office

with the Federal Court in Springfield was unable to return a phone call in order to obtain an accurate mailing address or any pertinent info." Pl.'s Letter, d/e 3, at 1. Private citizens "have no right . . . to enforce criminal or other regulatory statutes." Ragsdale v. Turnock, 941 F.2d 501, 509 (7th Cir. 1991) (Posner, J., concurring). While they "can complain to the enforcement authorities and badger them to bring enforcement actions," they "cannot force them to do so or stand in their place and bring the actions themselves." Id. In other words, Ms. McKenzie is free to report to the Government any suspected criminal activity. But she cannot act as a prosecutor simply because the Government has not.

For these reasons, Defendants' motions to dismiss (d/e 15; d/e 19) are GRANTED. This action is DISMISSED WITH PREJUDICE. All pending deadlines and settings are VACATED. All pending motions are DENIED AS MOOT. Each party to bear its own costs. No judgment to enter. This case is CLOSED.

**IT IS SO ORDERED.**
**ENTERED: NOVEMBER 30, 2023**
**FOR THE COURT:**

*s/ Sue E. Myerscough*
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**